IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN P. HAMILTON,

    Petitioner,

v.                          CIVIL ACTION NO. 1:05cv82
                                 (Judge Keeley)

KEVIN WENDT,

    Respondent.

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. Background

On May 18, 2005, <u>pro se</u> petitioner John P. Hamilton ("Hamilton"), an inmate at FCI Gilmer, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Hamilton was convicted in the United States District Court for the Southern District of West Virginia and was sentenced to 360 months of imprisonment on June 21, 1996. Hamilton claims that, based on the sentence imposed, he is entitled to approximately four (4) months of additional good conduct credit. Thus, he asserts that the Bureau of Prisons ("BOP") improperly calculated his Good Conduct Time ("GCT") by basing it on his time served instead of the sentence imposed.

The Court referred this matter to Magistrate Judge James E. Seibert in accordance with Local Rule of Prisoner Litigation Procedure 83.09. On June 3, 2005, the magistrate judge directed the respondent to show cause why the writ should not be granted. On June 13, 2005, the respondent filed a Motion to Dismiss or In The Alternative Motion to Stay Proceedings, stating that the petition

should be denied because the petitioner did not exhaust his administrative remedies, or in the alternative, the case should be stayed because the BOP's policy on calculation of GCT was being reviewed the Fourth Circuit Court of Appeals. On July 5, 2005, the respondent filed a Motion to Dismiss, stating that the petition should be denied in light of the Fourth Circuit's recent holding that the BOP's policy is reasonable and should be given deference. See Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. June 17, 2005).

On July 7, 2005, Magistrate Judge Seibert issued a Report and Recommendation, recommending that the Court dismiss Hamilton's petition and grant the respondent's July 5, 2005 motion to dismiss.[1] Relying on the holding in Yi, he concluded that the BOP properly calculated the petitioner's GCT based on time served instead of the sentence imposed. On July 20, 2005, Hamilton timely filed several objections to the Report and Recommendation. He contends that a time served construction of section 3624 becomes less plausible when the statute is read as a whole. He also asserts that Congress also uses "term of imprisonment" in other statutes

---

[1] Magistrate Judge Seibert found that requiring the petitioner to exhaust his administrative remedies would be futile. Therefore, the magistrate judge recommended that the Court deny the respondent's June 13, 2005 motion to dismiss.

2

and generally uses the term as a synonym for "sentence." Hamilton also argues that, if the Court finds the statute is ambiguous, it must also apply the rule of lenity and construe the ambiguous statute in his favor.

With respect to Hamilton's 360-month sentence, he states that a single year sentence is significantly different from a multi-year sentence in calculating GCT. Hamilton further argues that section 3624(b) expressly links calculation of good time to the "term of imprisonment" and that the magistrate judge's interpretation alters the intent of the statute. For these reasons, Hamilton asserts that the BOP was incorrect in calculating his GCT based on time served instead of his 360-month sentence.

## II. Discussion

The sole issue raised in the current petition is whether the BOP properly calculated Hamilton's GCT based on time served. See 18 U.S.C. § 3624(b). As noted earlier, the Fourth Circuit recently upheld the BOP's policy in Yi v. Federal Bureau of Prisons, holding that "the BOP has reasonably interpreted [§ 3624(b)] so as to require the calculation of GCT based upon the inmate's time served." 412 F.3d at 526. In Yi, the defendant was serving a 151-month sentence for his role in a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.

§1962. Id. The BOP determined that he could earn a maximum of 592 days of credit against his sentence under 18 U.S.C. §3624. Id. at 527. However, Yi argued that the BOP must calculate his GCT by multiplying the sentence imposed by 54, which resulted in a maximum of 679 good conduct days. Id. He pointed out that Congress refers to the "term of imprisonment" on three occasions in the first sentence of 18 U.S.C. 3624(b)(1) and asserted that on the first two occasions Congress clearly references the sentence imposed. Id. at 529. Thus, as Hamilton does here, he argued that a specific term could not change its meaning within the same sentence to reference time served, and contended that the court must apply the rule of lenity and construe section 3624 in his favor if the statute is ambiguous. Id. at 535.

The Fourth Circuit disagreed, stating: "In this case, the precise question before us is whether GCT must be awarded based upon the length of a prisoner's sentence or his time actually served." Id. at 529. It noted that Yi's construction of 18 U.S.C. §3624(b) was plausible, but stated that it could not find that the statutory language unambiguously compelled only the petitioner's interpretation. Id. at 530. Rather, it concluded that awarding credit for time not served would conflict with Congress' intent that prisoners "earn" credit under the GCT statute for exemplary

compliance with institutional disciplinary regulations during each year of their imprisonment. <u>Id.</u> Similarly, it found that the statute authorizes the BOP to award lesser credit, or none at all, if it determines that a prisoner has failed to comply with disciplinary regulations during a year. <u>Id.</u> Accordingly, the Fourth Circuit determined that the statute was ambiguous and held that the BOP's interpretation of the 18 U.S.C. §3624(b), to require the calculation of GCT based upon the inmate's time served, is a reasonable one. <u>Id.</u> at 534.

The Fourth Circuit also found that it did not have to resort to the rule of lenity in deciding <u>Yi</u> because the BOP Program Statement 5880.28 provides the public with sufficient notice that GCT shall be awarded based upon time actually served; thus, no one should mistake the ambit of the law or its penalties. <u>Id.</u> at 535. Furthermore, the court stated that because Congress has charged the BOP with administering the statute, a court should defer to the agency's reasonable construction. <u>Id.</u>

In light of the Fourth Circuit's deference to the BOP's construction of § 3624(b), Hamilton's claims in the present matter are unavailing. Accordingly, the Court **DENIES** the respondent's June 13, 2005 motion to dismiss (Docket No. 4), and **GRANTS**

HAMILTON v. WENDT                                            1:05CV82

## ORDER ACCEPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

respondent's July 5, 2005 motion to dismiss (Docket No. 5). Therefore, the Court **AFFIRMS** the magistrate judge's report and recommendation, **OVERRULES** Hamilton's objections and **DISMISSES** the petition **WITH PREJUDICE**.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the petitioner.

Dated: October _____24_____, 2005.

                                       _____
                                       IRENE M. KEELEY
                                       UNITED STATES DISTRICT JUDGE